UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darnell Dunlap,

          Petitioner,    Case No. 17-cv-11338

v.                                 Judith E. Levy
                                 United States District Judge

Connie Horton,

                                 Mag. Judge David R. Grand
          Respondent.

_____/

## **ORDER DISMISSING CASE WITHOUT PREJUDICE**

Michigan state prisoner Darnell Dunlap, who is presently serving a sentence of twenty-five to forty years for second-degree murder, has filed a letter addressed: "Dear Court Administration, Seeking Investigation." In the letter, Petitioner raises many concerns related to his state-court conviction and asks the Court to investigate the matter. The letter has been docketed as a habeas corpus petition. The Court will dismiss the case without prejudice because a petitioner may not commence a habeas action by filing a letter. *See* Fed. R. Civ. P. 3, and Rule 2(c) and (d), Rules Governing Section 2254 Cases in the United States District Courts.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

Federal Rule of Civil Procedure 3 explains that "[a] civil action is commenced by filing a complaint." Fed. R. Civ. P. 3. The Supreme Court has held that, "[t]he logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case. *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Furthermore, Rules 2(c) and 2(d) of the Rules Governing Section 2254 Cases provide that an application for writ of habeas corpus shall be in the form of a petition which specifies each ground for relief. Petitioner's letter fails to comply with these requirements and will be dismissed on that basis.

The Court declines to construe Petitioner's letter as a habeas corpus petition challenging the second-degree murder conviction because it is not clear whether that is what Petitioner intended. Petitioner previously filed a habeas petition challenging his second-degree murder conviction, which was denied on the merits. *See* Opinion and Order Denying Petition for Writ of Habeas Corpus, 4/21/16, Case No. 5:14-cv-11537, (Dkt. 30). In that case, Petitioner specifically sought relief under 28 U.S.C. § 2254. Thus, if Petitioner intended the pending matter to be filed as a habeas corpus petition, he clearly had the knowledge to file it as such. Moreover, the filing of a successive habeas corpus petition requires prior authorization from the Sixth Circuit Court of Appeals, which Petitioner has not obtained.

For the foregoing reasons, **IT IS ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE.**

| | |
|---|---|
| Dated: May 10, 2017<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's

ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 10, 2017.

                                                 s/Felicia M. Moses
                                                 FELICIA M. MOSES
                                                 Case Manager