# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Darnell Dunlap,

               Petitioner,     Case No. 17-cv-11338

v.                                      Judith E. Levy
                                       United States District Judge

Connie Horton,

                                       Mag. Judge David R. Grand
              Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONS FOR INVESTIGATION [7, 9] AND MOTION FOR GUIDANCE [10]

Michigan state prisoner Darnell Dunlap is serving a sentence of twenty-five to forty years for second-degree murder. In 2017, Dunlap filed a letter "Seeking Investigation" which was docketed as a habeas corpus petition. (ECF No. 1.) On March 10, 2017, the Court dismissed the case without prejudice because a petitioner may not commence a habeas action by filing a letter. (ECF No. 3.)

After the dismissal of his case, Dunlap filed a "Petition for Investigation" (ECF No. 7), "Petition for Writ for Administrative Investigation Into Injustice and Violation of Petitioner's Constitutional

Rights" (ECF No. 9), and "Motion for Guidance of Corruption, of Injustice, that Violated Petitioner's State and Federal Constitution to Having a Fair Trial, Requesting a Grand Jury's Investigation Into the Corruption" (ECF No. 10). The Court interprets all three filings to be asking for some variation of the same relief: guidance, an administrative investigation into the failure to transcribe state court proceedings, and a grand jury investigation into his allegedly unconstitutional conviction. The Court will deny the petitions and motion.

First, to the extent that Dunlap's filings request an investigation or guidance, the Court does not interpret them to be successive habeas petitions. If Dunlap wishes to challenge his second-degree murder conviction, he must first seek authorization to file a successive petition from the Sixth Circuit Court of Appeals. In 2014, Dunlap filed a habeas corpus petition challenging his second-degree murder conviction, which was denied on the merits. S*ee* Opinion and Order Denying Petition for Writ of Habeas Corpus, Case No. 5:14-cv-11537 (E.D. Mich. Apr. 21, 2016) (ECF No. 30). Dunlap may not seek relief from his conviction in this Court without first obtaining authorization to file a successive habeas petition from the Sixth Circuit Court of Appeals. *See* 28 U.S.C. §

2244(b)(3)(A). The Court will not transfer these filings to the Court of Appeals at this time because the Court does not construe Dunlap's filings as challenges to his second-degree murder conviction.

Instead, Dunlap seeks "guidance" from the Court. It is unclear on what subject Dunlap seeks guidance. Regardless, the Court is empowered to hear only cases and controversies and may not issue advisory opinions. *See Nat'l Bank of Or. v. Indep. Ins. Agents*, 508 U.S. 439, 446 (1993) ("[A] federal court [lacks] the power to render advisory opinions.") (internal citation omitted, alteration in original). The Court will deny the request for guidance.

Dunlap also asks for an investigation, either by this Court under Rule 4 of the Rules Governing § 2254 Cases or in the form of a grand jury investigation. Rule 4 of the Rules Governing Section 2254 Cases requires a judge to "examine" only habeas petitions properly filed and forwarded by the clerk. Rule 4 does not provide its own cause of action. As explained above, Dunlap does not have a current habeas petition in front of this Court and would need to seek leave from the Sixth Circuit before filing one. Additionally, a private citizen does not have the authority or right to initiate a grand jury investigation. *See Franklin v. Henderson*, 15 Fed.

App'x 205, 207 (6th Cir. 2001) (an individual citizen has no right to initiate federal criminal proceedings); *Mitchell v. McNeil,* 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."). The request for either kind of investigation is denied.

**Certificate of Appealability and *In Forma Pauperis* Status**

Federal Rule of Appellate Procedure 22(b)(1) provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11(a) of the Rules Governing Section 2254 Cases requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Section 2253(c)(2) is satisfied only if reasonable jurists could find either that the district court's assessment is debatable or wrong or that the issues presented deserve encouragement to proceed further. *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000).

For the reasons above, reasonable jurists could not find this Court's assessment of Petitioner's claims to be debatable or wrong. Nor would

4

reasonable jurists conclude that the issues presented are adequate to deserve encouragement to proceed further. Consequently, Petitioner is not entitled to a certificate of appealability. *See Millender v. Adams*, 187 F. Supp.2d 852, 880 (E.D. Mich. 2002).

The Court further concludes that an appeal from this decision would be frivolous and could not be taken in good faith. *See Coppedge v. U.S.*, 369 U.S. 438, 444 (1962). Therefore, even though Petitioner was granted leave to proceed *in forma pauperis* in this Court, he may not proceed *in forma pauperis* on appeal. Fed. R. App. P. 24(a)(3)(A).

For the reasons set forth above, the Petitions for Investigation (ECF Nos. 7, 9) and Motion for Guidance (ECF No. 10) are **DENIED WITH PREJUDICE**. The Court **DENIES** a certificate of appealability. The Court **DENIES** permission to appeal in forma pauperis.

IT IS SO ORDERED.

Dated: October 8, 2019  s/Judith E. Levy
    Ann Arbor, Michigan  JUDITH E. LEVY
        United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 8, 2019.

                                            s/Shawna Burns
                                            SHAWNA BURNS
                                            Case Manager